### N. B. BARCLAY v. H. H. WALLER ET AL.

Decided November 23, 1904.

**Sale of Land—Power of Attorney—Execution and Loss.**

Evidence held to establish the execution and loss of a power of attorney authorizing the sale of land involved in an action of trespass to try title, upon which plaintiff's title depends.

Appeal from the District Court of Tyler. Tried below before Hon. W. P. Hicks.

*J. A. Mooney*, for appellant.

*Joe W. Thomas,* for appellee.

GILL, ASSOCIATE JUSTICE.—Mrs. F. V. McCarty for herself and three children filed this suit in the form of trespass to try title to recover of N. B. Barclay 160 acres of land. Pending the suit plaintiff married H. H. Waller, who thereafter was made a party plaintiff.

The defendant answered by plea of not guilty. A trial to the court without a jury resulted in a judgment for plaintiffs for the tract of land sued for, and defendant has appealed.

The facts are that the plaintiffs deraigned title to the land through the following conveyances: 1. Patent to G. W. Anderson, dated August 23, 1882. 2. Power of attorney from G. W. Anderson and wife, dated September 16, 1873, authorizing W. T. Hyde to sell and convey the land. 3. Conveyance by Hyde as attorney in fact for the Andersons to W. R. McCarty, dated November 25, 1882.

The plaintiff was the surviving widow of McCarty and the three children are the fruit of her marriage to him.

The title of plaintiffs is assailed on the ground that they failed to connect the McCarty title with Anderson's by failure to establish the execution and loss of the power of attorney. Mrs. McCarty testified she once had such an instrument in her possession, but thinks she destroyed it with other papers which she regarded as of no value. That she failed to state it purported to be signed by both Anderson and his wife is immaterial in view of the other testimony.

Both Anderson and his wife testified in the case. They each state they gave Hyde a power of attorney authorizing him to convey the land to McCarty. In explanation of the fact that Barclay claims through a subsequent deed from them, they state that he represented himself to be the owner of the McCarty title and desired a deed from them to cover some defect therein. That they executed a deed at Barclay's request, receiving no consideration therefor. Barclay denies this and claims to have paid them $50 for it.

We do not deem it necessary to discuss the assignments of error in detail. They are without merit.

The evidence fully sustains the judgment, and it is in all things affirmed.

*Affirmed.*